FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 17 2025

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CLAUDE LEE BOYKIN, SHAQUILA BROWN, QUINCY LYNCH, LARRY CHARLES WILEY, JR and TANYA WILKES, on behalf of themselves and a class of similarly situated others,

Plaintiffs,

v.

IMPACT OUTSOURCING SOLUTIONS IX, LLC and MATERIAL IN MOTION, LLC,

Defendants.

Civil Action No.

1:25-CV-5966

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. § 2101 ET SEQ.**

Claude Lee Boykin, Shaquila Brown, Quincy Lynch, Larry Charles Wiley Jr., and Tanya Wilkes ("Plaintiffs") by and through their attorney, Aaron B. Maduff of Barrett & Farahany, complain on behalf of themselves and a class of similarly situated others against Material In Motion, LLC and Impact Outsourcing Solutions IX, LLC ("Defendants") and allege and state as follows:

## INTRODUCTION

1. Plaintiffs were employees working for Defendants Material In Motion, LLC and Impact Outsourcing Solutions IX, LLC. On or about December 5, 2024,

Defendants verbally informed some of their second shift employees that they would be terminated, but did not inform all employees, and did not inform any in writing. The day before Christmas Eve, December 23, 2024, Plaintiffs and some 500 to 1500 of their co-workers were summarily terminated with no advance notice as required by the Workers Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq*. Plaintiffs on behalf of themselves and a class of similarly situated Materials In Motion, LLC employees and a subclass of similarly situated Impact Outsourcing Solutions, IX, LLC employees jointly employed by and working for Materials in Motion, LLC file this complaint seeking to recover 60 days of wages and benefits, pursuant to the WARN Act, along with attorneys' fees, costs, interest as allowed by law, and any further relief the Court so grants.

## PARTIES

2. Plaintiff, Claude Lee Boykin (hereinafter "Boykin" or "Mr. Boykin") resides in Palmetto, GA. Boykin was employed by Material In Motion, LLC until his termination without proper notice as part of a mass layoff on December 23, 2024. Mr. Boykin is an affected employee as that term is defined by 29 U.S.C. §2101(a)(5).

3. Plaintiff Shaquila Brown (hereinafter "Brown" or "Ms. Brown") resides in Dallas, GA. Brown was jointly employed by Material In Motion, LLC by and through Impact Outsourcing Solutions IX, LLC until her termination without proper

notice as part of a mass layoff on December 23, 2024. Ms. Brown is an affected employee as that term is defined by 29 U.S.C. §2101(a)(5).

4. Plaintiff, Quincy Lynch, (hereinafter "Lynch" or "Mr. Lynch") resides in Dallas, GA. Lynch was employed by Material In Motion, LLC by and through Impact Outsourcing Solutions IX, LLC until his termination without proper notice as part of a mass layoff on December 23, 2024. Mr. Lynch is an affected employee as that term is defined by 29 U.S.C. §2101(a)(5).

5. Plaintiff Larry Charles Wiley Jr. (hereinafter "Wiley" or "Mr. Wiley") resides in Stockbridge, GA. Wiley was employed by Material In Motion, LLC by and through Impact Outsourcing Solutions IX, LLC until his termination without proper notice as part of a mass layoff on December 23, 2024. Mr. Wiley is an affected employee as that term is defined by 29 U.S.C. §2101(a)(5).

6. Plaintiff Tanya Wilkes (hereinafter "Wilkes" or "Ms. Wilkes") resides in Riverdale, GA. Wilkes was employed by Material In Motion, LLC by and through Impact Outsourcing Solutions IX, LLC until her termination without proper notice as part of a mass layoff on December 23, 2024. Ms. Wilkes is an affected employee as that term is defined by 29 U.S.C. §2101(a)(5).

7. Defendant Material in Motion, LLC ("MIM") is a manufacturer, logistics and supply chain management limited liability company with its principal office address located at 1490 Lincoln Street, Santa Clara, CA 95050 who at all

relevant times was doing business in Georgia. Defendant MIM is an employer as defined by 29 U.S.C. §2101(a)(1).

8. Defendant Impact Outsourcing Solutions IX LLC ("IOS") is a limited liability company with its principal office address located at 300 Wilson Road, Bldg. 800, Griffin, GA 30224. Defendant IOS is an employer as defined by 29 U.S.C. §2101(a)(1).

9. At all relevant times, Defendants operated with a unified operational structure, maintaining integrated operations and coordinated infrastructure at their facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213. On information and belief, Defendant Material in Motion, LLC exclusively tracked hours and timesheets for all affected employees. Defendants MIM and IOS housed and operated their human resource departments jointly, and employees were required to use the MIM portal while employed by Defendants.

10. Defendant MIM monitored the working hours of all employees, including those directly employed by MIM as well as those employed through their business relationship with IOS. At all relevant times Defendant MIM and Defendant IOS maintained a business relationship in which Defendant MIM compensated Defendant IOS for the time all employees are working. Ultimately, Defendant MIM determined the number of hours worked by these employees based on its internal

business requirements and timekeeping records, and Defendant IOS compensated the employees according to the hours assigned by Defendant MIM.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, because this case presents a federal question, namely violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*.

12. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District, maintain substantial operations within this District, and a substantial part of the events giving rise to the claims occurred in this District, specifically at Defendants' facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213.

## FACTS

13. Defendant MIM is a California based company with facilities in Santa Clara, California, the Netherlands, and Fairburn, GA.

14. On information and belief, Defendant IOS provided much of the employee workforce at Defendant MIM's Fairburn, Georgia location pursuant to the contract between the Defendants.

15. Plaintiffs and 500 to 1500 similarly situated others were employed either directly by Defendant MIM at its facility in Fairburn, Georgia or indirectly by Defendant MIM at that facility through Defendant IOS under the IOS –MIM contract.

16. All Plaintiffs and similarly situated others were supervised by and working for Defendant MIM. Those working for Defendant MIM indirectly through Defendant IOS were also working for MIM who controlled the terms and conditions of their work.

17. Defendants MIM and IOS are therefore joint employers as to all affected IOS employees.

18. On or about December 5, 2024, Defendants verbally informed some of their second shift employees that they would be terminated in a mass layoff.

19. The mass layoff resulted from Defendants' decision to close specific operating units and departments within the Fairburn facility, including the second shift operations and related support departments and functions.

20. Plaintiffs and similarly situated others were terminated without cause as part of a mass layoff on or about December 23, 2024.

21. Plaintiffs were not given the proper 60 days' notice that their jobs were in jeopardy or that Defendants were planning a mass layoff as required by the WARN Act.

22. Instead, on the evening of December 23, 2024, Plaintiffs and similarly situated others were terminated without cause.

23. Plaintiffs and similarly situated others received no written notification of the layoff and only received verbal notification that morning in violation of 29 U.S.C. §2101.

24. As a result, on Christmas Eve, 2024, Plaintiffs and similarly situated others found themselves without jobs, without warning, and without the protections provided by the WARN Act.

## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of the following class: "A class consisting of 'all employees of Defendant MIM working at the MIM facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213, who were terminated without cause on December 23, 2024.'" ("Class")

26. Plaintiffs bring a subclass of the aforementioned class defined as "A subclass consisting of 'all employees of Defendant IOS working for Defendant MIM at the MIM facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213, who were terminated without cause on December 23, 2024.'" ("Subclass")

27. On information and belief, the Proposed Class and Subclass range in size from 500 to 1500 employees. The persons in the Class, identified above, ("Class Members") and the persons in the Subclass ("Subclass Members") are so numerous that joinder of all members of the class and joinder of all members of the subclass are impracticable.

28. The claims of the named Plaintiffs herein are typical of the claims of the members of the proposed class and subclass in which they exist in that they all arise from the same course of conduct and are brought under the same legal theory.

29. Common questions of law and fact exist as to members of the Class and Subclass (collectively "members"), including, but not limited to, the following:

a) whether the members were employees of Defendants as defined by 29 U.S.C. §2101(a)(5);

b) whether Defendants unlawfully terminated the employment of the members without cause on their part;

c) whether these terminations constitute a "mass layoff" as that term is defined by 29 U.S.C. § 2101 (a) (3);

d) whether Defendants provided the requisite notice to the affected members as provided for by 29 U.S.C. § 2102 (a);

e) whether Defendants are entitled to any reduction of or exemption from the Notification Period as provided for by 29 U.S.C. §§ 2102 (b) or 29 U.S.C. 2103; and

f) whether Defendants unlawfully failed to properly compensate the Members.

30. The Plaintiffs named herein will fairly and adequately protect the interests of the Class and Subclass. They are knowledgeable about the issues and are capable of providing relevant facts and testimony on behalf of the Members.

31. The undersigned counsel has significant class action experience both as lead counsel and as associated counsel in class cases and will provide the necessary expertise to represent the class.

32. Moreover, prosecuting separate actions could result in varying adjudications with respect to individual class members and could create inconsistent results.

33. The adjudication of the claim of any named Plaintiff or putative member of the class would, as a practical matter, be dispositive of the interests of all other members.

34. The common questions of law and fact so predominate over any potential questions affecting individual members that a class action is the superior method of adjudicating this controversy over all others.

35. The cost of any individual member of the putative class to prosecute the claim on an individual basis would exceed his or her recovery to such an extent that he or she could not afford to do so.

36. Concentrating this litigation in a single action will conserve the resources of the parties, will promote judicial economy, and is the most efficient means of resolving the WARN violations at issue in this matter.

37. Managing this action as a class action will be no more complicated than pursuing individual claims with only a small marginal increase in work related to the certification and management of the class.

**Demand for Relief For Violations of the Worker Adjustment And Retraining Notification Act, 29 U.S.C. § 2101 Et Seq.**

38. Plaintiffs restate and reallege paragraphs 1-37 as paragraph 38 of this Demand for Relief.

39. Defendants terminated the Plaintiffs and members of the proposed Class without 60-days prior written notice and as required by 29 U.S.C. § 2101, *et seq*.

40. By virtue of the Defendants' failure to pay Plaintiffs and the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits for 60 days following their respective terminations, and failure to provide employee

benefits including health and life insurance coverage for 60 days from and after the dates of their respective terminations, the Defendants have violated 29 U.S.C. § 2101, *et seq*.

41. As a result of Defendants' failure to pay wages and benefits for 60 days following their terminations, Plaintiffs and the Class Members were damaged in an amount equal to the sum of their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits at their final rates of pay, and the cost of the health and other benefits they would have received for a 60-day period.

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

a) Certification of a class of employees consisting of "all employees of Defendant MIM working at the MIM facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213, who were terminated without cause on December 23, 2024."

b) Certification of a subclass of employees consisting of "all employees of Defendant IOS working for Defendant MIM at the MIM facility located at 1000 Logistics Center Drive, Suite 100, Fairburn, Georgia 30213, who were terminated without cause on December 23, 2024."

c) Designation of Plaintiffs Claude Lee Boykin, Shaquila Brown, Quincy Lynch, Larry Charles Wiley Jr., and Tanya Wilkes as Representatives of the Class;

d) Designation of Plaintiffs Shaquila Brown, Quincy Lynch, Larry Charles Wiley Jr., and Tanya Wilkes as Representatives of the Subclass;

e) Appointment of the undersigned attorneys as Class Counsel for all class members;

f) A judgment in favor of Plaintiffs and the members of the proposed WARN Class and Subclass against Defendants MIM and IOS;

g) An award against Defendants Materials in Motion, LLC and Impact Outsourcing Solutions, IX, jointly and severally, equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1);

h) Interest as allowed by law on the amounts owed under the preceding paragraphs;

i) Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

j) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 3rd day of October, 2025.

**Claude Lee Boykin, *et al.***

*By: s/ Aaron B. Maduff*
One of their attorneys

Aaron B. Maduff
Ga. Atty. No. 548978
77 W. Wacker Dr.
45th Floor
Chicago, Illinois 60601
(312) 276-9000
aaron@justiceatwork.com